O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DAWN THOMAS,<br>    Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | Case No. LA CV 14-9097 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

  Misty Dawn Thomas ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by (1) failing to provide a full and fair hearing, and (2) improperly evaluating a Department of Rehabilitation vocational evaluation report in assessing her residual functional capacity ("RFC"). (*See* Joint Stip. at 14-17, 25-26, 37-39, 42-43.) The Court agrees with Plaintiff for the reasons discussed below.

  A. The ALJ Failed to Provide a Full and Fair Hearing

  As a general rule, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).

1

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ must be "especially diligent" when, as here, the claimant is unrepresented. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010).

Here, first, the ALJ erred by failing to inquire into Plaintiff's claim at the hearing that her submission to the Agency was "incomplete," and by simply disregarding the concern as not "constitut[ing] a legal objection." (Administrative Record ("AR") at 50, 54); *McLeod*, 640 F.3d at 885; *Tonapetyan*, 242 F.3d at 1150.

Second, the ALJ improperly limited Plaintiff's attempt to present evidence and argument during the hearing. (AR at 62); *see McLeod*, 640 F.3d at 885; *Tonapetyan*, 242 F.3d at 1150. Significantly, Plaintiff indicated she had a "ton of stuff" to present and discuss at the hearing,[1] including her vocational evaluation report, but the ALJ limited her to presenting only her testimony during the hearing. (*Id.*)

Third, Plaintiff was not given an opportunity to question the vocational expert ("VE").[2] (AR at 61-62); *cf. Young v. Colvin*, 610 F. App'x 61, 616 (9th Cir. 2015) (rejecting claim that ALJ improperly manipulated hearing process because ALJ provided claimant's attorney an opportunity to question VE); *see Beall v. Astrue*, 2008 WL 2782911, *6 (E.D. Wash. July 15, 2008) (remanding in part because claimant's representative did not have an opportunity to question VE about doctor's findings).

Thus, the ALJ failed to provide a full and fair hearing.

//

//

---

[1] For example, Plaintiff attempted to discuss medical records in her submission to the Agency regarding her pain medication and upcoming surgery, but the ALJ simply said "we can deal with this all later[.]" (AR at 55-56.) Plaintiff's opportunity to address those records at the hearing never materialized.

[2] The ALJ simply stated "let me question the [VE]," and after questioning merely inquired whether Plaintiff wanted to supplement her own testimony. (AR at 62.)

      B.    <u>The ALJ Failed to Properly Evaluate the Vocational Evaluation Report</u>

As a rule, an ALJ is required to consider and give due weight to all relevant evidence in the case record, including opinion evidence from non-medical sources who have seen the claimant in a professional capacity. An ALJ must consider such evidence and provide germane reasons in order to properly disregard it. *See Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Here, first, the ALJ provided no discussion of the vocational evaluation report.[3] (AR at 38, 472-84); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); *Rocha v. Colvin*, 2014 WL 4606566, at *2 (C.D. Cal. Sept. 15, 2014) (finding it "perplexing" that ALJ did not address vocational evaluation report because "in his decision, he went through each of the exhibits, but inexplicably leapfrogged [the report]").

Second, the omission is especially pronounced considering the vocational evaluator's opinion – that Plaintiff could not engage in full-time competitive employment – does not comport with the ALJ's findings that Plaintiff had the RFC to perform light work, and none of the limitations from the report were included in the hypotheticals to the VE. (AR at 482); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (ALJ erred by failing to present restrictions in vocational report to VE or state reasons for disregarding it in the written decision); *Butler v. Astrue*, 2010 WL 2816971, at *11-12 (E.D. Cal. July 16, 2010) (ALJ erred by failing to incorporate restrictions in vocational evaluation report into RFC or pose restrictions to VE).

Thus, the ALJ improperly evaluated the vocational evaluation report.

//

---

[3] Notably, the ALJ's sole reference to the report was to its exhibit number in a chain-citation to "treatment records." (*Id.*) Accordingly, because the report is not a treatment record, it appears the report was overlooked.

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the error, ALJ must conduct another administrative hearing and assess the evidence, including the vocational evaluation report, on an "open record." *See Brown-Hunter*, 806 F.3d 487, 495-96 (9th Cir. 2015); *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Given the necessity of remand, the Court need not address Plaintiff's remaining contentions.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: December 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

4